NO. COA13-673

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

THOMAS E. GUST,

    Plaintiff,

                                   Cleveland County
    v.                                No. 12 CVS 1393

THE NORTH CAROLINA
DEPARTMENT OF REVENUE,

    Defendant.


    Appeal by plaintiff from the order entered 18 December 2012 by Judge Robert T. Sumner in Cleveland County Superior Court. Heard in the Court of Appeals 6 November 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Perry J. Pelaez, for The North Carolina Department of Revenue.*
>
> *Thomas E. Gust, pro se.*


    ELMORE, Judge.


    Plaintiff appeals from the 18 December 2012 judgment and order dismissing his complaint and petition for declaratory judgment rendered during the 10 December 2012 Civil Session of Cleveland County Superior Court. After careful consideration, we dismiss plaintiff's appeal.

## I.   **Background**

The dispute before us initiated when the North Carolina Department of Revenue (the Department) issued a tax assessment against Thomas E. Gust (plaintiff) for his failure to pay individual income taxes for the 2003, 2004, 2005, and 2006 tax years. To contest the tax assessment, plaintiff filed a contested case petition with the Office of Administrative Hearings (OAH) on 8 November 2011. Before OAH issued its determination, plaintiff filed an action for declaratory judgment against the Department in Cleveland County Superior Court on 25 July 2012. The purported purpose of the action for declaratory judgment was to compel the Department to answer the following question: "Which North Carolina General Statute requires a person to file an income tax return with the Department for the same year(s) he is not required to file an income tax return with the Internal Revenue Service?" The trial court dismissed the declaratory action on 18 December 2012 pursuant to Rule 12(b)(1), Rule 12(b)(2), and Rule 12(b)(6) and on the basis that the action was barred by the doctrine of sovereign immunity. It is from the entry of this order that plaintiff appeals.

In an attempt to resolve plaintiff's OAH case, the Department served him with its first set of interrogatories and request for production of documents on 22 March 2012. When plaintiff failed

to respond, the Department filed a motion to compel discovery. Plaintiff again refused to provide the requested discovery. As such, the Department filed a motion to dismiss the contested case as a sanction against plaintiff. On 15 August 2012, OAH granted the Department's motion and dismissed plaintiff's action with prejudice as a sanction for his noncompliance with the order compelling his response to discovery.

Plaintiff appealed OAH's dismissal to Wake County Superior Court pursuant to N.C. Gen. Stat. § 105-241.16. On 23 May 2013, Judge Donald W. Stephens dismissed plaintiff's action with prejudice for want of subject matter jurisdiction. Judge Stephens found that plaintiff had not paid the tax, penalties, and interest due as required by N.C. Gen. Stat. § 105-241.16.

## II. <u>Declaratory Judgment</u>

Plaintiff argues that the trial court erred in dismissing his action for declaratory judgment based on the Department's sovereign immunity defense. We are unable to reach the merits of this issue and therefore dismiss it.

Plaintiff avers that under the Uniform Declaratory Judgment Act, N.C. Gen. Stat. § 2-153 *et seq*., the trial court had jurisdiction to hear his declaratory judgment action. This contention is unsupported by law. Our Supreme Court has held that

the "declaratory judgment statutes themselves are not jurisdictional and they do not create or grant jurisdiction where it does not otherwise exist, nor do they enlarge or extend the jurisdiction of the courts over the subject matter or the parties." *State ex rel. Edmisten v. Tucker*, 312 N.C. 326, 348, 323 S.E.2d 294, 308 (1984) (citation omitted). In the instant case, the trial court lacked jurisdiction to hear plaintiff's declaratory judgment action for the reasons set fourth below.

A taxpayer may challenge his tax liability pursuant to the procedures laid out in Chapter 105 of our general statutes. Under N.C. Gen. Stat. § 105-241.15 (2011), a taxpayer who disagrees with a notice of final determination issued by the Department may file a contested case hearing with OAH in accordance with Article 3 of Chapter 150B. A taxpayer aggrieved by OAH's determination may seek judicial review of the decision pursuant to N.C. Gen. Stat. § 105-241.16 (2011):

> A taxpayer aggrieved by the final decision in a contested case commenced at the Office of Administrative Hearings may seek judicial review of the decision in accordance with Article 4 of Chapter 150B of the General Statutes. Notwithstanding G.S. 150B-45, a petition for judicial review must be filed in the Superior Court of Wake County and in accordance with the procedures for a mandatory business case set forth in G.S. 7A-45.4(b) through (f). Before filing a petition for judicial review, a taxpayer must pay the

> amount of tax, penalties, and interest the final decision states is due. A taxpayer may appeal a decision of the Business Court to the appellate division in accordance with G.S. 150B-52.

Notably, N.C. Gen. Stat. § 105-241.19 provides:

> The remedies in G.S. 105-241.11 through G.S. 105-241.18 set out the exclusive remedies for disputing the denial of a requested refund, a taxpayer's liability for a tax, or the constitutionality of a tax statute. **Any other action is barred. Neither an action for declaratory judgment, an action for an injunction to prevent the collection of a tax, nor any other action is allowed.**

N.C. Gen. Stat. § 105-241.19 (2011) (emphasis added).

Here, plaintiff has appealed the trial court's dismissal of his action for declaratory judgment. However, the plain language of N.C. Gen. Stat. § 105-241.19 is clear and unambiguous. It specifically prohibits a taxpayer from filing a declaratory judgment action to contest his tax liability. Instead, it provides that a taxpayer may challenge the Department's tax assessment only by exhausting the statutory remedies set forth in N.C. Gen. Stat. §§ 105-241.11 through 105-241.18. Accordingly, plaintiff was statutorily barred from filing the action for declaratory judgment, and we are unable to rule on the merits of his appeal. For this reason, plaintiff's appeal is dismissed.

Dismissed.

Judges McCULLOUGH and DAVIS concur.